UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

──────────────────────────────────X

JUAN SANDOVAL,                                          Case No.:

                Plaintiff,            **NOTICE OF REMOVAL**

    vs.

IC SYSTEM, INC.

                Defendant.

──────────────────────────────────X

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that Defendant I.C. System, Inc. (hereinafter referred to as "Defendant") respectfully submits this Notice of Removal in this civil action from the Civil Court of the City of New York, County of Queens to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, Plaintiff Juan Sandoval (hereinafter referred to as "Plaintiff") asserts a claim for damages against Defendant arising out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, specifically 15 U.S.C. §§ 1692e, 1692e(10) and 1692f. ("FDCPA").

    In support of this Notice of Removal, Defendant, through its counsel, states as follows:

**PROCEDURAL BACKGROUND**

    1.    Plaintiff commenced this action by filing a Complaint in the Civil Court of the City of New York, County of Queens on May 22, 2017, styled *Juan Sandoval v. I.C. Systems, Inc.,* Case No. 010976 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. The Complaint alleges a violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, specifically 15 U.S.C. §§ 1692e, 1692e(10) and 1692f. *See* Complaint, ¶ ¶ 1, 27-30.

3. The Complaint was served outside the state of New York on Defendant on or about May 26,, 2017.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

4. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that Defendant violated the FDCPA when Defendant's agent falsely stated that Plaintiff's account had a zero balance, refused to note and accept Plaintiff's verbal dispute of the account over the phone, and told Plaintiff to contact the original creditor or credit bureau to dispute the account, despite Defendant's continued credit reporting of the account. Plaintiff also alleges that Defendant violated the FDCPA when Defendant's agent incorrectly told Plaintiff that the account was recalled by the original creditor six months prior and then also stated that the recall by the original creditor was still pending so Plaintiff's dispute of the account could not be accepted and noted. Therefore, Plaintiff alleges that Defendant violated the FDCPA, namely 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when they neglected to note Plaintiff's verbal dispute of the account

and provided her with contradicting information about the account recall. Complaint, ¶ ¶ 27-30.

7. The Complaint also alleges that Defendant is a "debt collector" as defined by the FDCPA. *See* Complaint, ¶ 5.

8. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

**TIMELINESS OF REMOVAL**

9. As noted above, the Complaint was served outside the state of New York on Defendant on or about May 26, 2017.

10. Defendant's Notice of Removal is timely because Defendant filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

11. Venue is proper in this district and division because the State Court Action was filed and is pending in the Civil Court of the City of New York, County of Queens, which is located within the United States District Court for the Eastern District of New York.

**COMPLIANCE WITH REMOVAL PROCEDURES**

12. Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

13. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

14. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

15. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Civil Court of the City of New York, County of Queens, in Case No. 010976.

16. Copies of all process, pleadings and orders served on Defendant are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

**WHEREFORE**, for the foregoing reasons, Defendant removes this action from the Civil Court of the City of New York, County of Queens to the United States District Court for the Eastern District of New York and respectfully requests that this Court exercise jurisdiction over this action.

Dated:
         June 20, 2017

                                        Respectfully Submitted,

                                        GORDON & REES, LLP

                                        By:
                                              *s/Peter G. Siachos*
                                        Peter G. Siachos
                                        Attorneys for Defendant
                                        I.C. System, Inc.
                                        18 Columbia Turnpike, Suite 220
                                        Florham Park, NJ 07932
                                        (973) 549-2500

Via Mail to:
Edward B. Geller, Esq.
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, NY  10464
(914) 473-6783
Attorneys for Plaintiff

1096836/33209906v.1

4

# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF QUEENS

```
COPY
ORIGINAL PAPERS
RECEIVED AND FILED
ON   MAY 2 2 2017
CIVIL COURT
QUEENS COUNTY
```

-----------------------------------------------------------X

JUAN SANDOVAL,

                      Plaintiff,

    -against-

I.C. SYSTEMS,

                      Defendant.

-----------------------------------------------------------X

Index No. 010976

S U M M O N S

Plaintiff's Residence Address

90-25 138th Place, Apt. C 5

Jamaica, NY 11435

Defendant's address:

444 Hwy 96 E.

St. Paul, MN 55127

The basis of this venue is

Plaintiff's address

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Jamaica, New York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from February 17, 2017, together with the costs of this action.

Dated: May 3, 2017

                                    Edward B. Geller, Esq., P.C.

                                    Attorney for Plaintiff

                                    15 Landing Way

                                    Bronx, New York  10464

                                    <u>Tel:(914)473-6783</u>

Note the law provides that:

    a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

    b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

JUAN SANDOVAL,                                Civil Action No.:

                Plaintiff,

    -against-                                    **COMPLAINT**

                Plaintiff,

                              **DEMAND FOR JURY TRIAL**

I.C. SYSTEMS.

                Defendant(s).
------------------------------------------------------------X

    Plaintiff, JUAN SANDOVAL ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant(s), I.C. SYSTEMS, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

    2.    Plaintiff JUAN SANDOVAL is a resident of the State of New York, residing at 90-25 138th Place, Apt. c5, Jamaica, New York 11435.

    3.    Defendant I.C. SYSTEMS is a Minnesota company engaged in the

business of debt collecting with an address at 444 HWY 96E ST PAUL, MN 55127

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

6. The within causes of action arose in the County of Queens, City and State of New York.

### FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

9. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting an account to national credit bureaus.

10. On or about February 17th 2017 the Plaintiff sought representation for credit assistance from Mrs. Reyes.

11. Mrs. Reyes called Defendant on behalf of the Plaintiff and was connected with a female representative.

12. The Plaintiff got on the phone, verified his information, and gave Defendant's representative authorization to speak with Mrs. Reyes on his behalf.

13. The representative located an account that was held by Time Warner

Cable with a zero balance.

14. Mrs. Reyes stated that the account that was on her credit report showed a balance of $139.00.

15. The representative finally located the account that was reported on the credit report and stated that it was recalled and sent back to Time Warner Cable.

16. Mrs. Reyes asked when the account was sent back.

17. The representative stated on June 14th 2016.

18. Mrs. Reyes asked since the Plaintiff disagrees with the balance can they dispute the account over the phone or does it have to be done in writing.

19. The representative stated they cannot update as a dispute because the account is pending recall. However, it will be deleted off the Plaintiffs credit report between 30-60 days from the request.

20. Mrs. Reyes stated that if the recall was done in 2016 then why was the account updated in January of 2017 because it is affecting the Plaintiffs credit.

21. The representative just responded again it will be off the Plaintiff's credit in 30-60 days.

22. Mrs. Reyes said she wants to make sure the account gets marked as a dispute and removed from the Plaintiff's credit.

23. The representative stated they cannot mark it as a dispute since the account has zero balance. She stated she can give them the credit bureau's number if she had any more questions.

24. Mrs. Reyes stated so the account for $139.00 is no longer with you as of June, 14th 2016 and if it is to be disputed they must contact Time Warner Cable?

25. The representative stated she does not know if Time Warner Cable will be able to tell the Plaintiff anything about his credit, and suggested calling the credit bureau and the call was concluded.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

28. Defendant violated 15 USC §1692 e – preface and e (10) on February 17th 2017 when Defendant's agent falsely stated the account had a zero balance then refused to take the dispute over the phone and stated that Plaintiff must contact either the original creditor or the credit bureau to place his dispute even though the Defendant is the one still reporting to the credit bureau as per an updated credit report as of January 2017. Furthermore the representative stated that the account was transferred back in June, over 6 months ago, so how can it possibly still be pending .

29. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

30. The Defendant violated 15 USC §1692 f preface when the Defendant's agent unfairly refused to take the verbal request for dispute over the phone, first stating that they can't because there is a zero balance but then stating that the

account is held by the original creditor and the Plaintiff must place his dispute with them or the credit bureau.

31. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $25,000.00;

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         May 3, 2017

                                              Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

*Attorney for the Plaintiff* JUAN SANDOVAL

## ATTORNEY AFFIRMATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for Plaintiff Juan Sandoval in the within action. I have read the foregoing Summons and Complaint and same is true to my own knowledge, except as to the matters stated to be alleged on information

and belief, and as to those matters I believe it to be true, and the reason

this Affirmation is made by deponent and not by the Plaintiff is because records belonging to Plaintiff are in my possession. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge

are communications with the Plaintiff and copies of Plaintiff's records in my possession.

I affirm that the foregoing statements are true, under the penalty of perjury.

Dated: May 3, 2017

_____

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.