UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUAN SANDOVAL,  :
 :
                    Plaintiff,  :
 : **MEMORANDUM & ORDER**
      -against-  : 17-CV-3755 (DLI)(ST)
 :
I.C. SYSTEMS,  :
 :
                    Defendant.  :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

      Juan Sandoval ("Plaintiff") filed a complaint in Queens County Civil Court on May 22, 2017 against I.C. Systems ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See generally*, Complaint ("Compl."), Ex. A to Notice of Removal, Dkt. Entry No. 1. On June 21, 2017, Defendant removed the case to this Court. *See Id.* On June 29, 2017, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally*, Def.'s Mem. of Law ("Def.'s Mem."), Dkt. Entry No. 7-4. Plaintiff opposed Defendants' motion. *See generally*, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n"), Dkt. Entry No. 10. Defendant filed a reply in response to Plaintiff's opposition. Def.'s Reply Mem. of Law ("Def.'s Reply"), Dkt. Entry No. 9. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

      This case arises out of a single phone call, initiated by a third-party credit counselor, on behalf of a consumer, with a consumer debt collector. Plaintiff alleges that on or about February 17, 2017 he sought assistance with his credit from Mrs. Reyes, a credit counselor. *See* Compl. at ¶ 10. Defendant had reported one of Plaintiff's delinquent accounts to one of the national credit bureaus. *Id.* at ¶ 9. Mrs. Reyes called the Defendant, and Plaintiff also got on the phone to verify

his information and authorize Mrs. Reyes to speak to Defendant on his behalf. *Id.* at ¶¶ 11-12. Defendant relayed to Mrs. Reyes that there was a Time Warner Cable account that showed a zero balance. *Id.* at ¶ 13. Mrs. Reyes informed Defendant that, on Plaintiff's credit report, the Time Warner Cable account showed a balance of $139, at which point Defendant explained to Mrs. Reyes that the account had been recalled and was sent back to Time Warner Cable on June 14, 2016. *Id.* at ¶¶ 14-17.

Mrs. Reyes then asked Defendant whether Plaintiff could dispute the account over the phone or whether a dispute must be in writing. *Id.* at ¶ 18. Defendant replied that since the account was recalled it could not be disputed, but it would be deleted from Plaintiff's credit report between thirty and sixty days from the request. *Id.* at ¶ 19. Mrs. Reyes questioned why, if the recall was in June 2016, the account had not been corrected as of January 2017. *Id.* at ¶ 20. Defendant responded that the account would be removed from the credit report within thirty to sixty days. *Id.* at ¶ 21. Mrs. Reyes told Defendant that she wanted to mark the account as disputed because it was affecting Plaintiff's credit score, but Defendant again stated that the account cannot be disputed since it has a zero balance. *Id.* at ¶¶ 22-23. Defendant then referred Mrs. Reyes to the credit bureau if she had further questions and offered to provide their contact information. *Id.* at ¶ 23. Mrs. Reyes then asked if Plaintiff should contact Time Warner Cable to dispute the account. *Id.* at ¶ 24. Defendant informed her that it was unclear if Time Warner Cable would have any information about Plaintiff's credit and suggested that Plaintiff contact the credit bureaus. *Id.* at ¶ 25.

Plaintiff alleges that Defendants responses on the February 17, 2017 phone call violated sections 1692e and 1692f of the FDCPA, which respectively prohibit the use of any false, deceptive, or misleading representations in connection with the collection of a debt and the use of

2

unfair or unconscionable means in connection with the collection of a debt. *See generally*, Compl.; 15 U.S.C §§ 1692e, f. Defendant argues that Plaintiff's claims should be dismissed because the FDCPA regulates communications between consumers and debt collectors, not debt collectors and third parties, and that: (1) referring a debt to a credit bureau; (2) referring a debtor's representative to the original account creditor/credit bureau; and (3) refusing to change the status of an account to "disputed" are not actionable under § 1692e. *See generally*, Def.'s Mem. Defendant further argues that Plaintiff fails to allege how its communications were unfair or unconscionable. *Id.* In opposition, Plaintiff argues that the FDCPA is construed broadly and adopting Defendant's arguments will undermine the purposes of the act by: (1) penalizing a consumer for availing himself of the assistance of a credit counselor or other representative and (2) excluding from protection communications initiated by the debtor. *See generally*, Pl.'s Opp'n.

## **DISCUSSION**

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as true all well pled factual allegations and

draws all reasonable inferences in the plaintiff's favor. *See Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

II. **Analysis**

   A. **Section 1692e**

Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In analyzing whether a debt collector has violated this section, courts use an objective test based on the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Id.* (citing *Clomon*, 988 F.2d at 1318-20). The Second Circuit and courts in this district have recognized that section 1692e includes a materiality requirement. *See Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (collecting cases).

Defendant contends that: (1) since the statements at issue were made to a third-party and not the debtor, on a call initiated by the third-party/debtor, the FDCPA's protections do not apply, and (2) even if the FDCPA did apply, the statements are immaterial as a matter of law. Def.'s Mem. at 7-9. In opposition, Plaintiff argues that the FDCPA is interpreted broadly to include communications initiated by the debtor or his representative and includes statements made to a debtor's representative. *See generally*, Pl.'s Opp'n.

The Court's decision in *Vernot v. Pinnacle Services, L.L.C.* is instructive. *Vernot v. Pinnacle Servs., L.L.C.*, 2017 WL 384327 (E.D.N.Y. Jan. 26, 2017). In *Vernot*, plaintiff alleged that defendant debt collector violated sections 1692e and 1692f by "deceptively and deceitfully

4

[claiming] that no information was available" and referring plaintiff to another entity during a phone call initiated by the consumer's representative. *Id.* at *1. Plaintiff further alleged that defendant debt collector violated the FDCPA by failing to notify the appropriate credit bureaus that plaintiff disputed the reported debt. *Id.* The Court concluded that the defendant's conduct was neither unfair nor unconscionable, nor were its statements materially false, misleading, or deceptive. *Id.* at *4-5. In dismissing the complaint, the Court further noted that, although the Second Circuit has not addressed whether the FDCPA's protections apply to communications between a debt collector and an attorney, it is likely that they do not, since the assumption is that "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, [the court] assume[s] the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Id.* at *5 (internal quotation marks omitted) (quoting *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 97 n.6 (2d Cir. 2015)).

Here, there is nothing false, deceptive, or misleading about Defendant's referral of Plaintiff to either Time Warner Cable or the credit bureaus to dispute his account. Plaintiff's argument to the contrary is routinely rejected by the courts. *See, e.g.*, *Acevedo v. Pinnacle Credit Servs., L.L.C.*, 2017 WL 658715, at *3 (S.D.N.Y. Feb. 14, 2017) ("There is nothing false or deceptive about directing Reyes to contact Diversified Consultants.); *Id.* (citing *Khan v. Pinnacle Credit Servs., L.L.C.*, Dkt. No. 15-CV-2266, Opinion & Order at 9 (E.D.N.Y. Jan. 27, 2016) (Dkt. No. 23) ("So long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party."); *Vernot*, 2017 WL 384327, at *4-5.

Plaintiff's claim also fails because the communication at issue was not initiated by the debt collector. "[C]ourts in this circuit have held that the FDCPA's protections are not triggered by

5

communications by someone other than the debt collector.'" *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp.2d 402, 411 (E.D.N.Y. 2012) (internal quotation marks omitted) (citing *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp.2d 311, 329 (D. Conn. July 23, 2012) (quoting *Boyd v. J.E. Robert Co.*, 2010 WL 5772892, at *13 (E.D.N.Y. Mar. 31, 2010))); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005).

Moreover, it is not clear that Plaintiff, who initiated the communication with Defendant through a credit counselor, and sues based on representations made to the third-party credit counselor, is protected by the FDCPA. Though Plaintiff cites *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) in support of its argument that the FDCPA protects communications with a debtor's representative, this Court is not persuaded. The Second Circuit has indicated that it has "grave reservations" about extending the FDCPA's protections to misrepresentations to attorneys. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) ("[T]his Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to *attorneys* for putative debtors cannot constitute violations of the FDCPA."). While Mrs. Reyes is not an attorney, given the FDCPA's purpose in "establish[ing] certain rights *for consumers*" (*Id.* (emphasis added) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)), and the Second Circuit's reluctance to extend the FDCPA's protections to third parties, this Court declines to extend the FDCPA's protections to credit counselors who, like attorneys, act as intermediaries. Accordingly, Plaintiff's section 1692f claim is dismissed.

**B.      Section 1692f**

Section 1692f is a catchall provision that prohibits debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A collection method is "unconscionable" if it is "[s]hockingly unjust or unfair," or "affronting the

sense of justice, decency, or reasonableness." *Gallego v. Northland Grp., Inc.*, 814 F.3d 123, 127-28 (2d Cir. 2016) (citing *Unconscionable*, Black's Law Dictionary (10th ed. 2014)). The section provides a non-exhaustive list of examples of prohibited collection methods, none of which are at issue here. *See* 15 U.S.C. § 1692f(1)-(8). Defendant contends that Plaintiff has failed to allege that Defendant's conduct was in any way unfair or unconscionable. Def.'s Mem. at 16. Plaintiff does not counter this argument.

Here, Plaintiff has pled no facts supporting his contention that Defendant's conduct was somehow unfair or unconscionable. Indeed, Plaintiff only conclusorily asserts that "Defendant's agent unfairly refused to take the verbal request for dispute over the phone." Compl. at ¶ 30. This certainly is not "shockingly unjust or unfair," especially considering that Defendant instructed Plaintiff to contact the original creditor or credit bureau in order to dispute the account and offered to provide the credit bureau's contact information. *Id.* at ¶ 23. Accordingly, Plaintiff's section 1692f claim is dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is granted, and the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York  
      March 29, 2018

                                      /s/  
                            DORA L. IRIZARRY  
                                Chief Judge